## HENRY BOERES *v.* B. F. STRADER.

It is no evidence of a dedication to the public, that the owner of wharf property, in using it for his own profit, leaves it open and free for public travel. Wharf property, like other real property, is subject to assessments made thereon by the city for the construction of a sewer in a street on which the said property abuts.

Reserved from Special Term.

This is an action to recover an assessment upon the defendant's wharf property to pay the cost of a sewer which has been constructed under Ludlow street to the river.

The petition sets forth the act authorizing the city to make a plan for the sewerage of the city the plan made by the city under that act giving the location and limits of the sewers as designated; the contract for the division of the sewer in question; the performance and acceptance of the work; the ownership by the defendant of the wharf property, and the assessment by ordinance under the law.

The answer of the defendant admits the act authorizing the construction of sewers, and that he is owner of the

wharf or landing described in the petition, except that the wharf or landing owned by him is bounded on the east by what would be t e east line of Ludlow street, if extended, and is subject a the east sixty feet thereof to the life estate of Matilda ʜ. Myers, having been assigned to her for dower, and he admits the construction of the sewer by the plaintiff under contract with the city as alleged.

The defendant further claims, that the sewer was constructed "for public uses and for the health and convenience of the inhabitants of said city of Cincinnati, and not for the defendant's uses, and was laid upon his premises without compensation and in violation of section 19 of article 1 of the constitution of this State.

In the argument it was admitted that Ludlow street extends to the river at low water, and that the sewer is laid in the street.

*Forrest & Lindemann*, for plaintiff.

*King, Thompson & Avery*, for defendant.

TAFT, J. It is claimed by the defendant's counsel, in the argument, that his interest in the wharf property is not such as to be properly chargeable under the law for the cost of a sewer. It is claimed that the property is a highway, with the right in the defendant to collect wharfage; that the fact that the ground has been open to the public use as a highway, has long since operated as a dedication for that purpose, and that although the defendant retains the right to collect wharfage of those who land boats upon it, he is not chargeable as the owner of land.

We do not find in the evidence a warrant for this position. We think that the defendant, and those under whom he claims, have evidently intended to use this property for their own profit. That use required that they should keep it open and graded and unobstructed. A dedication to the public is a grant, presumed from the circumstances

under which the public have been or may be permitted to use the property. We find nothing in the evidence to satisfy us that the defendant has intended to deprive himself of any available value of this ground. Whether he may be considered as having committed himself with the public to the uninclosed condition of the ground, so that he could not inclose it, or not, we regard him as the owner of the land in such a sense as to be liable to pay taxes on it, both general and special. If it belonged to the public, the grading, paving, and improvement of it would be a matter of public charge, which has not been claimed or thought of. There is a public landing which was dedicated to the city, and which is owned by the city and kept in order by the city. But the relation of the city to this landing of the defendant is very different. We regard it as his property. He has unquestionably so regarded it himself for all available profit. It is only as a *subject of taxation* that he disclaims the ownership. The only way in which he can avail himself of it as a wharf, is to throw it open to his customers and to those who do business with his customers. This shows no purpose to part with any right in the property, or in the control of it. Now the fact that he has agreed to use it in that way in which he can make it most profitable to himself, is very faint evidence that he has given it to the public. We think, then, that the land was taxable in the hands of the defendant, and that he can be assessed on account of it for purposes of improvement by the city.

It has also been claimed that this property, as owned by the defendant, did not fall within the description of "lot or lots of land," which is the description in the statute, of property subject to be assessed for sewerage purposes. But we think that this lot of land is very well defined, and answers to the description of taxable property.

It is averred in the answer, that the sewer was for the public generally, and of no local advantage to the defendant as the owner of this property, because he did not con-

nect with it. But the sewer drains that part of the city, and is supposed to benefit peculiarly all the property through or near which it passes. It is not merely by connecting with it that the property holders derive benefit from a sewer. The owners of the lower grounds are interested in having the grounds above them properly drained, and the waters from them provided with a channel to the river, instead of spreading over the grounds below. The defendant's wharf, as the lowest of the grounds to be drained by that sewer, is interested in the drainage of all the lots of ground above him, from which water might otherwise flow over his land.

Upon full examination of the case, we are not able to find any ground on which the defendant can be excused from paying his assessment for the cost of the sewer.

The plaintiff may have a judgment for the amount of the assessment with interest.

[Leave to file a petition in error in the Supreme Court refused.—EDS.]